In re ACCOUNT NOS. NTA4961722095, NDA40215631, NCD502270307009, LO-CATED AT BANK ONE IN MILWAU-KEE, WISCONSIN, and Account No. 018004645 located at Banc One Securities in Milwaukee Wisconsin.

No. 97–MISC–63.

United States District Court,
E.D. Wisconsin.

Feb. 2, 1998.

Publication Ordered July 8, 1998.

Lennis A. Weber, Assistant U.S. Attorney, Milwaukee, WI, for Government.

Alan D. Eisenberg, Milwaukee, WI, for Respondent.

**ORDER DISSOLVING THE INJUNCTION OF THE USE OF OR INTERFERENCE WITH SPECIFIED ASSETS**

REYNOLDS, District Judge.

Robert Spakowicz ("Spakowicz") is the target of a grand jury investigation. On December 4, 1997, this court entered an ex parte order restraining Spakowicz from using, moving, or otherwise interfering with account nos. NTA4961722095, NDA40215631, and NCD502270307009, located at Bank One in Milwaukee, Wisconsin, and account no. 018004645 located at Banc One Securities in Milwaukee, Wisconsin. On December 19, 1997, this order was lifted with regard to the first two accounts. Currently before the court is Spakowicz's motion to release the remaining two accounts.

The court's order of December 4 was entered under 21 U.S.C. § 853(e)(2) and upon the government's demonstration that probable cause existed to believe that, in the event of a criminal conviction, the above-named accounts would be subject to forfeiture and that pre-seizure notice to Spakowicz would jeopardize the availability of the property for forfeiture. The order was renewed on December 12, 1997. On December 18, 1997, a hearing was held pursuant to 21 U.S.C. § 853(e), under which the government had to demonstrate a substantial probability that it will ultimately prevail on the issue of forfeiture and that a failure to seize the property would render that property unavailable for forfeiture.

Both the government and Spakowicz were permitted to submit evidence. The sole witness, called by the government, was Milwaukee District Attorney Office Investigator Jeffrey Doss. Spakowicz, by counsel, cross-examined Mr. Doss. Before, during, and after the close of evidence, Spakowicz's counsel moved to lift the order freezing Spakowicz's assets. The court granted this motion as to account nos. NTA4961722095 and NDA40215631. The court took the status of the remaining accounts, nos. NCD502270307009 and 018004645, under advisement.

The evidence submitted at the December 18 hearing requires this court to confront an unsettled question: whether the government can obtain an order under sec. 853(e) that restrains property that is alleged to be neither the fruit nor instrumentality of a crime, as required by sec. 853(a), but rather is a substitute for that property under sec. 853(p).

## DISCUSSION

■ The purposes of 21 U.S.C. § 853's criminal forfeiture provisions are to impose penalties on those who deal drugs and to strip drug traffickers of their economic power. *United States v. Ben–Hur,* 20 F.3d 313, 319 (7th Cir.1994). Therefore, forfeiture in this context need be distinguished from *in rem* civil forfeiture. The *in personam* criminal nature of the action at bar calls for a greater measure of protection for the property owner and greater demands on the government as to proof. *United States v. Michelle's Lounge,* 126 F.3d 1006, 1007 (7th Cir.1997).

■ Under 21 U.S.C. § 853(a), the government may take ownership of certain property owned by an individual once he is convicted of one of a variety of criminal offenses. It is without dispute that the criminal activity alleged in this case is of the type that can trigger a criminal forfeiture under sec. 853. Should the government obtain a conviction, it would be entitled to take any property constituting the proceeds of the offense, or derived "directly or indirectly" from any such proceeds, 21 U.S.C. § 853(a)(1), or any property used or intended to be used "in any manner or part" to commit or facilitate the commission of the offense. 21 U.S.C. § 853(a)(2). If the property owner is convicted of engaging in a continuing criminal enterprise, any property interest or right "affording a source of control over" the enterprise may be forfeited under 21 U.S.C. § 853(a)(3). 21 U.S.C. § 853(p) authorizes forfeiture of substitute assets if the assets described above are rendered unavailable as described in sec. 853(p)(1)–(5).

In order to ensure the preservation of certain forfeitable property, sec. 853(e) provides for pre-trial and, as in this case, pre-indictment orders, restraining use of the property by its owner. A pre-indictment restraining order [1] may issue once the government has shown that:

> there is a substantial probability that the United States will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture; and

> the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered.

21 U.S.C. § 853(e)(1)(B)(i) and (ii).

By its own terms, sec. 853(e)(1) authorizes restraining orders for the purpose of "preserv[ing] the availability of property described in subsection (a)." Section 853(a), as described above, deals with categories of property directly subject to forfeiture, i.e. the fruits or instrumentalities of an offense, in contrast to sec. 853(p) which speaks to property that may be forfeited as substitute property for that described in sec. 853(a).

The government's evidence at the December 18 hearing demonstrated that Spakowicz's account nos. NCD502270307009 and 018004645 do not fit into the categories of property delineated by sec. 853(a)(1)–(3); the accounts are neither the fruits nor instrumentalities of an offense. In fact, the only testimony on this subject came from the government's sole witness, an investigator from the Milwaukee District Attorney's Office. When asked, with regard to the two accounts still at issue, whether there was any evidence, "no matter how slight," that the assets in these accounts were proceeds of drug activity, the witness responded with an unequivocal "that's unknown." When asked if any information existed suggesting that Spakowicz had hid assets by placing them in others' names, the witness answered, "none that I am aware of."

---

1. Such an order "shall not be effective for more than ninety days," unless the court extends it or an indictment is filed, under which forfeiture could be carried out. 21 U.S.C. § 853(e)(1)(B).

Therefore, if the government is to retain its restraining order, the court must determine whether such an order is available, pre-indictment, with regard to substitute assets described in sec. 853(p), despite the statute's declaration of purpose for subsection (e), preserving property "described in subsection (a)" (fruits or instrumentalities). The government anticipated this question and cited to a single district court case to support a restraining order in this circumstance.

Most courts of appeal which have considered the issue have held that pre-trial restraining orders, under sec. 853(e), are not authorized by the statute regarding substitute property under sec. 853(p). For the most part these decisions rest upon the plain language of sec. 853(e) which establishes the purpose of pre-trial restraining orders as preserving only the fruits or instrumentalities described in sec. 853(a). *United States v. Ripinsky*, 20 F.3d 359 (9th Cir.1994); *United States v. Floyd*, 992 F.2d 498 (5th Cir.1993); *United States v. Field*, 62 F.3d 246 (8th Cir.1995); *Assets of Martin*, 1 F.3d 1351 (3d Cir.1993). Further, some of these courts have delved into the legislative history of 21 U.S.C. § 853(e) or analogous criminal forfeiture statutes, finding restraint of substitute assets unavailable. *Assets of Martin*, 1 F.3d at 1358–59 (*construing* 18 U.S.C. § 1963, RICO "equivalent" of 21 U.S.C. § 853); *Ripinsky*, 20 F.3d at 364.

On the other side of the balance are cases focusing on sec. 853's, or analogous statutes,' provisions that the statute "be liberally construed to effectuate its remedial purposes." 21 U.S.C. § 853(*o*); see *Assets of Billman*, 915 F.2d 916 (4th Cir.1990); *United States v. Schmitz*, 153 F.R.D. 136 (E.D.Wis.1994); *United States v. Scardino*, 956 F.Supp. 774 (N.D.Ill.1997). These cases look beyond the specific restraining order provision and comprehend the entire statute so as to determine Congress's intent. *See e.g., United States v. Hayward*, 6 F.3d 1241, 1245 (7th Cir.1993).

However, it is well established that a court looks behind the specific provisions of a statute to legislative intent only when the statute is not clear on its face. The authorization for pre-trial, or as here, pre-indictment restraining orders states squarely that a court may enter such order "to preserve the availability of property described in subsection (a) [fruits and instrumentalities]." 21 U.S.C. § 853(e)(1). To read this as authorizing orders covering the substitute property described by sec. 853(p) would be "amend the statute by interpretation." *Floyd*, 992 F.2d at 502. Such an extension of statutory language is not the province of the judiciary. This is especially true in the case of a penal statute.

A second concern compels the court to hold that substitute assets do not come within sec. 853(e): such a result would distort the process by which the government can seize property under sec. 853 before anyone has been indicted or convicted. Specifically, the government would find it significantly easier to freeze a potentially vast amount of assets that are unrelated to a crime that has not yet even been charged.

The case at bar provides an example. The only evidence presented by the government relevant to a forfeiture case against Spakowicz is that he is alleged to have trafficked in approximately ten million dollars worth of drugs over the last two years. These drug-related resources may well be forfeitable under sec. 853(a) if the government can find them. But finding them is, in a sense, unnecessary if substitute assets can be restrained before the government has won an indictment and conviction. That is, with this ten-million-dollar figure, the government can essentially restrain all of the property-owners' assets without any showing of a nexus between them and the alleged offense. Of course, no one has suggested that Spakowicz has ten million dollars. Thus, the government would be able to effectively seize whatever it finds as a substitute for a portion of the ten million dollars. In sum, allowing pre-trial or pre-indictment restraint of the assets would make it exceedingly easy, and thus tempting, for the government to financially paralyze an individual before that individual has been indicted or convicted of a crime.

The pre-trial, pre-indictment context must be considered as well. First, at this stage, the property owner has virtually no right to any of the information upon which the government seeks to seize his assets; he cannot proffer much of a defense to information that must remain a government secret. Further,

because sec. 853 only permits forfeiture of property owned by someone convicted of a crime, a restraining order under sec. 853(e) is, ipso facto, telltale of an impending indictment. Rare is the defense attorney who would make a full presentation before a true bill has issued or a trial commenced. With the pressure of looming charges, many property owners would not be able to defend against a sec. 853 restraining order motion, broadened by the inclusion of substitute property. In essence, the one defense available as a practical matter—that the assets to be restrained have no nexus to the alleged offense—would be denied the property owner, who would often have to choose between acquiescence or mounting a defense to the as-yet unfiled charges. In the face of the statute's plain language, the court will not take it upon itself to alter the process mandated thereby.

## CONCLUSION

Because the language of 21 U.S.C. § 853(e) is plain on its face, and because this limited provision is important, the court holds that substitute assets may not be restrained before an indictment or conviction.

Robert Spakowicz's motion to release accounts nos. NCD502270307009 and 018004645 is **GRANTED.**

The restraining order regarding these accounts is **DISSOLVED.**

This order shall be stayed for ten days from the date it issues.

### ORDER UNSEALING COURT'S DECISION OF FEBRUARY 2, 1998

On February 2, 1998, this court issued a decision entitled "Order Dissolving the Injunction of the Use of or Interference With Specified Assets." As this matter was related to a then on-going grand jury proceeding, the decision was sealed. On February 5, 1998, this court issued an order requiring the government to submit to the court a statement detailing the government's position on the propriety of publishing the February 2, 1998 decision. On March 26, 1998, the grand jury returned an indictment against Mr. Spakowicz. On April 9, 1998, the government filed a statement that it did not oppose publication of the February 2, 1998 decision.

Therefore, this court's February 2, 1998 decision is **UNSEALED** and shall be published.